UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
MICHELLE BARROW,

      Plaintiff,           REPORT AND
                      <u>RECOMMENDATION</u>
 -against-              23 CV 4095 (LDH)(RML)

YVONNE JENNIFER RESTREPO and
WERNER ENTERPRISES, INC.,

      Defendants.
--------------------------------------------------------X

LEVY, United States Magistrate Judge:

   By order dated June 29, 2023, the Honorable LaShann DeArcy Hall, United States District Judge, referred plaintiff's motion to remand to me for report and recommendation. For the reasons stated below, I respectfully recommend that the motion be granted.

## BACKGROUND

   Plaintiff Michelle Barrow ("plaintiff") commenced this personal injury action against Yvonne Jennifer Restrepo ("Restrepo") and Werner Enterprises, Inc. ("Werner" and together with Restrepo, "defendants") on January 12, 2023, in the Supreme Court of the State of New York, Queens County. (Complaint, attached as Ex. A to the Notice of Removal, dated Jan. 12, 2023 ("Compl."), Dkt. No. 1-1.) Restrepo was properly served with the summons and complaint on January 24, 2023. (<u>See</u> Affidavit of Service of Daniel Knight, attached as Ex. 2 to the First Motion to Remand to State Court by Michelle Barrow, sworn to Jan. 24, 2023, Dkt. No. 7-2.) Werner was also properly served with the summons and complaint on January 30, 2023. (<u>See</u> Affidavit of Service of Sean Warner, attached as Ex. 2 to the First Motion to Remand to State Court by Michelle Barrow, sworn to Jan. 30, 2023, Dkt. No. 7-2.)

Plaintiff alleges that on August 3, 2022, while driving a motor vehicle owned by Werner, Restrepo struck plaintiff, causing her serious injuries. (Compl. ¶ 31.) The complaint alleges that plaintiff was damaged "in an amount greater than the jurisdictional limits of the lower Court[s] of the State of New York, including the minimum threshold for federal jurisdiction under 28 U.S.C. 1332(a)[.]" (Id. at 6.) Additionally, on May 16, 2023, plaintiff claimed total damages in the amount of $10,000,000. (See Plaintiff's Combined Response to Discovery Demands, attached as Ex. C to the Notice of Removal, dated May 16, 2023 ("Resp. to Disc. Demand"), Dkt. No. 1-3.)

On June 2, 2023, defendants filed a Notice of Removal on the basis of complete diversity among the parties and asserted that the deadline to file such notice had not expired because neither the summons nor complaint demanded a sum certain from which the amount in controversy could be determined. (See Notice of Removal, filed June 2, 2023, Dkt. No. 1, ¶¶ 3-5, 6-9.) Specifically, defendants contend that the thirty-day removal clock started in May 2023, when plaintiff indicated that she sought $10,000,000 in damages. (See Notice of Removal ¶ 7.) Plaintiff filed the instant motion to remand the action to New York State Court on June 26, 2023, asserting that defendants' Notice of Removal was untimely. (See First Motion to Remand to State Court by Michelle Barrow, dated June 26, 2023 ("Mot. to Remand"), Dkt. No. 7, at 1.)

## DISCUSSION

A notice of removal of a civil action generally must be filed "within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other

2

paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "[T]he removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." Moltner v. Starbucks Coffee Co., 624 F.3d 34, 38 (2d Cir. 2010). Specifically, "the removal periods of 28 U.S.C. §§ 1446(b)(1) and (b)(3) are not triggered until the plaintiff provides facts explicitly establishing removability or alleges sufficient information for the defendant to ascertain removability." Cutrone v. Mortg. Elec. Registration Sys., Inc., 749 F.3d 137, 145 (2d Cir. 2014).

However, New York Civil Practice Law and Rules § 3017(c) states that "[i]n an action to recover damages for personal injuries or wrongful death, the complaint . . . shall not state the amount of damages to which the pleader deems himself entitled." N.Y. C.P.L.R. § 3017(c). Rather, if plaintiff is to provide the specific amount of damages, plaintiff must do so in a subsequent document. "Requiring a defendant to read the complaint and guess the amount of damages that the plaintiff seeks will create uncertainty and risks increasing the time and money spent on litigation." Moltner, 624 F.3d at 38. Nevertheless, under this standard, "defendants must still 'apply a reasonable amount of intelligence in ascertaining removability.'" Cutrone, 749 F.3d at 143 (quoting Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 206 (2d Cir. 2001)). "If removability is not apparent from the allegations of an initial pleading or subsequent document, the 30-day clocks of 28 U.S.C. §§ 1446(b)(1) and (b)(3) are not triggered." Id.

Courts in this district have found that the thirty-day removal clock did not begin running when a complaint demanded judgment "'in an amount that exceeds the jurisdictional limitations of all [other] lower courts[.]'" Brumfield v. Merck & Co., No. 17 CV 6526, 2018 WL 1955216, at *4 (E.D.N.Y. Apr. 25, 2018); see also Gowerie v. Crown Forklift Co., No. 17

3

CV 1447, 2017 WL 1331262, at * 2 (E.D.N.Y. Apr. 10, 2017) (plaintiff's claim that he was damaged "in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction" was not sufficient "to establish that his action involved an amount in controversy adequate to support federal diversity jurisdiction."). However, courts in this district have also found that allegations indicating that damages "'exceed[] the monetary jurisdictional limits, *including the minimum threshold for federal jurisdiction under 28 U.S.C. § 1332(a)*'" satisfy Moltner's requirement of an explicit damages specification. Reyes v. Hess Retail Stores LLC, 605 F. Supp. 3d 463, 464-65 (E.D.N.Y. 2022) (emphasis added) ("Although plaintiff's allegation does not have a number, any lawyer should know that an allegation that the plaintiff's demand 'exceeds the monetary jurisdictional limits, including the minimum threshold for federal jurisdiction under 28 U.S.C. § 1332(a),' is no different than alleging 'exceeds $75,000.'").

As previously discussed, plaintiff's complaint explicitly states that she "has been damaged in amount exceeding the monetary jurisdictional limits of the lower Courts of the State of New York, including the minimum threshold for federal jurisdiction under 28 U.S.C. § 1332(a)." (Compl. ¶ 38.) Although lacking an exact damages demand, the complaint clearly indicates that the damages sought by plaintiff exceed the federal jurisdictional limit. Defendants could reasonably ascertain the removability of this action upon review of the complaint. Therefore, defendants' Notice of Removal was untimely, and I respectfully recommend that this case be remanded.

## CONCLUSION

For the reasons explained above, I respectfully recommend that plaintiff's motion to remand this case to the Supreme Court of the State of New York, Queens County be granted. Any objection to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days. Failure to file objections within the specified time period waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); see also FED. R. CIV. P. 72(b), 6(a), 6(d).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
August 29, 2023